UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                                CIVIL ACTION

DORTHY PAGE, ET AL                                    NUMBER 12-287-FJP-SCR

<u>**NOTICE**</u>

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, January 23, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                                    CIVIL ACTION

DOROTHY PAGE, ET AL                             NUMBER 12-287-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Partial Summary Judgment.  Record document number 15.  The motion is opposed.[1]

For the reasons which follow, the defendants' motion should be granted in part and denied in part.

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and Lt. Dorothy Page[2]. Plaintiff alleged that Lt. Page issued him a false Disciplinary Report in retaliation for filing an Administrative Remedy Procedure ("ARP") complaining about her alleged wrongdoing.  Plaintiff alleged that Warden Cain failed to respond to his letter requesting a polygraph examination.  Plaintiff alleged that these actions violated his constitutional rights.  Plaintiff sought monetary damages and injunctive relief.

---

[1] Record document number 23.

[2] Defendant Lt. Page was incorrectly identified as Dorthy Page in the complaint.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavit of Rhonda Z. Weldon, the records from ARP LSP-2012-440, ARP LSP-2012-325 and Disciplinary Board Appeal No. LSP-2012-85, a copy of the Disciplinary Report issued to the plaintiff on January 28, 2012, and a copy of the plaintiff's conduct report.

## I. Factual Allegations

Plaintiff alleged that on January 24, 2012, Lt. Page accused him of smoking in the recreation room. Plaintiff alleged that he respectfully denied that he was smoking and Lt. Page insisted that she saw him smoking. Plaintiff alleged that Lt. Page cursed at him and stated that she wished she could pour gas on all inmates and set them on fire. Plaintiff alleged that he told Lt. Page that he was going to write a letter to the warden and file an ARP regarding the incident.[3]

Plaintiff alleged that he filed an ARP and sent letters to Asst. Warden Tim Delaney and Warden Cain complaining about the incident and requesting a polygraph examination. Plaintiff alleged that Warden Cain failed to respond to his letter requesting a polygraph examination.

Plaintiff alleged that on January 29, 2012, Lt. Page issued

---

[3] Record document number 1, Complaint, p. 6.

him a false Disciplinary Report[4] in retaliation for filing the ARP complaining about her alleged wrongdoing on January 24, 2012.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).

### B. No Physical Injury

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar a plaintiff's ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

---

[4] This is the date alleged by the plaintiff.  The Disciplinary Report is dated January 28, 2012.  Record document numbers 15-5, Exhibit C, p. 9, and 15-8, Exhibit F, p. 2.  This discrepancy is not material.

3

A review of the allegations showed that the plaintiff failed to allege that he sustained a physical injury as a result of the alleged retaliation. Therefore, the plaintiff is prohibited from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e). Plaintiff is not prohibited from recovering nominal and punitive damages. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in the form of nominal or punitive damages.

**C. Failure to Exhaust Administrative Remedies**

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding his claims that Warden Cain failed to respond to the plaintiff's letter complaining about the incident and requesting that he undergo a polygraph examination.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002);

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of

5

proper exhaustion." *Id*. at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Plaintiff alleged that he exhausted available administrative remedies regarding the claims raised in the complaint in ARP LSP-2012-0325, ARP LSP-2012-0440 and Disciplinary Board Appeal LSP-2012-0085.

The summary judgment evidence showed that ARP LSP-2012-0325 was dated January 24, 2012 and was received by the Legal Programs Department on February 1, 2012.[5] Plaintiff complained that Lt. Page accused him of smoking and verbally abused him.[6] The summary judgment evidence showed that ARP LSP-2012-0325 was denied at the Second Step on April 20, 2012.[7]

The summary judgment evidence showed that ARP LSP-2012-0440 was dated February 10, 2012 and was received by the Legal Programs

---

[5] Record document number 15-4, pp. 5-6.

[6] *Id*.

[7] *Id*. at 3.

Department on February 14, 2012 and placed on backlog.[8] Plaintiff complained that on January 29, 2012, Lt. Page issued him three false disciplinary reports in retaliation for complaining to prison officials about her wrongdoing on January 24, 2012. The summary judgment evidence showed that the plaintiff's grievance was assigned number ARP LSP-2012-0440 and was rejected on May 1, 2012 on grounds that it related to disciplinary matters.

The summary judgment evidence showed that the plaintiff appealed the decision of the disciplinary board which found him guilty of the disciplinary charges issued on January 28, 2012, in Disciplinary Board Appeal number LSP-2012-0085. The summary judgment evidence showed that in the appeal the plaintiff complained that Lt. Page issued him a false Disciplinary Report in retaliation for filing an ARP complaining about her wrongdoing.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claim that Warden Cain failed to respond to the plaintiff's letter complaining about the incident and requesting that he undergo a polygraph examination.

As stated above, the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. However, a grievance must provide administrators with a fair opportunity under the

---

[8] Record document number 15-3, pp. 5-7.

circumstances to address the problem that will later form the basis of the suit.

The summary judgment evidence showed that ARP LSP-2012-0325, ARP LSP-2012-0440 and Disciplinary Board Appeal number LSP-2012-0085 failed to provide prison administrators with a fair opportunity to address the plaintiff's claim that Warden Cain failed to respond to the plaintiff's letter complaining about the incident and requesting that he undergo a polygraph examination.

More importantly, the plaintiff's claims against Warden Cain fail to state a claim upon which relief can be granted. Plaintiff does not have a constitutional right to a response to his letter from Warden Cain or to a have a polygraph test conducted simply because he requested one.

### D. Verbal Abuse

Plaintiff alleged that Lt. Page cursed at him and made inappropriate comments that she wished she could pour gas on all inmates and set them on fire.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against Lt. Page regarding

verbal abuse are insufficient to support a constitutional violation.

   **E. Retaliation**

Plaintiff alleged that on January 29, 2012, Lt. Page issued him a false Disciplinary Report in retaliation for complaining to prison officials about her alleged wrongdoing.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *Woods*, 60 F.3d at 1166.

To prevail on a claim of retaliation, a prisoner must establish four elements  (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter

9

of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299,310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendants' part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates to bring retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from

10

further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*). Adverse acts that cause an inmate only a "few days of discomfort," impose "a [single] minor sanction," or impose an otherwise constitutional restriction on the inmate would be *de minimis* acts. *Id*. at 685-86.

Plaintiff alleged that on January 24, 2012, Lt. Page accused him of smoking in the recreation room. Plaintiff alleged that he respectfully denied that he was smoking and Lt. Page insisted that she saw him smoking. Plaintiff alleged that he told Lt. Page that he was going to write a letter to the warden and file an ARP regarding the incident. Plaintiff alleged that he subsequently filed an ARP and sent letters to Asst. Warden Tim Delaney and Warden Cain complaining about the incident. Plaintiff alleged that on January 29, 2012, Lt. Page issued him a false Disciplinary Report in retaliation for filing the ARP complaining about her alleged wrongdoing on January 24, 2012.

11

The summary judgment evidence showed that the plaintiff's ARP was prepared on January 24, 2012, complaining that Lt. Page had falsely accused him of smoking in the recreation room and threatened to have him placed in lockdown and sprayed with mace if she caught him smoking.[9]  The ARP was and was accepted as ARP LSP-2012-0325 and was stamped received in the warden's office on January 31, 2012, and stamped received by the Legal Programs Department on February 1, 2012.[10]  The summary judgment evidence showed that Lt. Page provided an ARP Statement denying the plaintiff's allegations on February 15, 2012.[11]

There is no evidence that Lt. Page had actual knowledge that the plaintiff had filed ARP LSP-2012-0325 at the time she issued him a Disciplinary Report on January 28, 2012.  The summary judgment evidence showed that the ARP was not received by prison officials until three days after Lt. Page issued the Disciplinary Report on January 28.  However, in his declaration under penalty of perjury submitted with his opposition to the defendants' motion, the plaintiff asserted that on the day of the incident he told Lt. Page that he was going to file an ARP regarding her actions.[12]  Defendants did not specifically dispute that on January 28, before

---

[9] Record document number 15-4, p. 5.

[10] *Id*.

[11] *Id*. at 7.

[12] Record document number 23, p. 10.

she issued the Disciplinary Report, Lt. Page knew the plaintiff intended to file an ARP complaining about her actions on January 24.

## Conclusion

There is genuine issue for trial as to whether Lt. Page issued the plaintiff a Disciplinary Report on January 28, 2012, in retaliation for the anticipated filing of an administrative grievance by the plaintiff regarding her alleged wrongdoing. This dispute makes summary judgment on the plaintiff's retaliation claim inappropriate.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Partial Summary Judgment be granted in part, dismissing all of the plaintiff's claims against Warden Burl Cain and Lt. Dorothy Page except for the plaintiff's retaliation claim against Lt. Dorothy Page.

Baton Rouge, Louisiana, January 23, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE