UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                                CIVIL ACTION

DOROTHY PAGE, ET AL                                   NUMBER 12-287-JJB-SCR

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the plaintiff's Motion to Compel. Record document number 49. The motion is opposed.[1]

Plaintiff sought to compel answers to interrogatories and requests for production of documents. Specifically, the plaintiff sought to compel defendant Dorothy Page to answer interrogatory numbers 4 and 7 of Plaintiff's First Interrogatories to Defendant Dorothy Page propounded on September 14, 2012[2], and interrogatory numbers 7, 8 and 9, in second set of interrogatories propounded on February 25, 2013, which are also titled as Plaintiff's First Interrogatories to Defendant Dorothy Page.[3] In addition, the plaintiff sought to compel the production of documents requested in numbers 1 and 5 of his second request for production of documents

---

[1] Record document number 50. Plaintiff filed a reply. Record document number 52.

[2] Record document number 12.

[3] Record document number 40.

filed on February 25, 2013.[4]

**Interrogatories: September 14, 2012**

In interrogatory number 4, the plaintiff sought the current location and inmate numbers of inmates Trinidad East, Norman Sander and Chris Foster.

Defendant objected on grounds that providing the information could result in identity theft, be used in the furtherance of other crimes, could jeopardize the privacy, safety and well-being of these inmates, and could subject them to violence and retaliation. Defendant agreed to provide the inmates' numbers and locations under seal if ordered to do so by the court in order to obtain the presence of these inmates for the trial.

Plaintiff moved to compel, arguing that the three inmates were present when the incident took place and he needs their inmate numbers and locations to obtain declarations from them in support his summary judgment motion.

Defendant relied on her objection to the discovery request in

---

[4] Record document number 41. Although the caption on this pleading is "Plaintiff's First Request For Production of Documents," it was actually the plaintiff's second request for production of documents. Plaintiff attached as an exhibit to his Motion to Compel a copy of the defendant's responses to his request for production of documents propounded on February 25, 2013, and identified it as the discovery at issue in this Motion to Compel. In her discovery responses and in her opposition to the Motion to Compel the defendant referred to these discovery requests as the "Plaintiff's Second Set of Request for Production of Documents".

opposing the plaintiff's motion.  Defendant further argued that inmate numbers are analogous to social security numbers.  Defendant relied on the affidavits of Bobby Achord, Teresa Sterling and Jeffery E. Travis in opposition to the plaintiff's motion to compel.  The gist of the defendant's argument is that the requested information should not be divulged because the inmate numbers could be used in inmate identity theft and drug trafficking and the inmate locations could be used to set up a "hit" or physical act of violence on an unsuspecting inmate.

Defendant's objection is not persuasive.  Defendant did not argue, or direct the court to any institutional or Department of Corrections policy which restricts and/or prohibits the disclosure of inmate numbers and locations.  In fact, prison policy requires that all prisoners use their inmate numbers in internal and external communications.

Plaintiff's motion to compel interrogatory number 4 is granted.  Defendant shall provide the plaintiff with the inmate numbers and current locations of inmates Trinidad East, Norman Sander and Chris Foster within 14 days from the date of this ruling.

In interrogatory number 7, the plaintiff sought information regarding the length of time the defendant worked at the state penitentiary and the number of administrative grievances filed against her while working there.

Defendant objected on grounds that the information is irrelevant. Defendant further responded, without waiving her objection, that she has been employed at the state penitentiary for nine years.

Defendant's objection is well-founded. Plaintiff's motion to compel a response to interrogatory number 7 is denied.

**Interrogatories: February 25, 2013**

In interrogatory number 7, the plaintiff asked the defendant to state whether January 29, 2012 fell on a Sunday or Monday.

Defendant objected on grounds that the information is irrelevant and not calculated to lead to the discovery of admissible material evidence.

It is apparent from a review of the record that there is a dispute as to the date the alleged retaliatory disciplinary report was issued. Plaintiff contends that the disciplinary report was issued on January 29, 2012, while the defendant contends it was issued on January 28, 2012.

It is not clear that the information sought is irrelevant. Therefore, the plaintiff's motion to compel an answer interrogatory number 7 is granted. Defendant shall respond to interrogatory number 7 within 14 days from the date of this ruling.    I n interrogatory number 8, the plaintiff asked the defendant to describe in detail every policy and procedure she uses when an inmate becomes defiant.

4

Defendant objected on grounds that the interrogatory is overly broad, unduly burdensome and not calculated to lead to the discovery of relevant, material admissible evidence.

In his motion to compel, the plaintiff made a general argument that the information sought in discovery is relevant but he did not make a specific, cogent argument why the particular information in this interrogatory is relevant.

Defendant's objection is well-founded.  Plaintiff's motion to compel an answer to interrogatory number 8 is denied.

In interrogatory number 9, the plaintiff asked the defendant to describe the complete circumstances surrounding all other instances in which an inmate has been defiant during her employment at the state penitentiary.  Plaintiff requested that she include in her response the circumstances surrounding any review or disciplinary action that occurred after each instance.

Defendant objected on grounds that the interrogatory is vague, overly broad, unduly burdensome, irrelevant and not calculated to lead to the discovery of material admissible evidence.

In his motion to compel, the plaintiff made a general argument that the information sought in discovery is relevant but he again did not make a specific, cogent argument why the particular information in this interrogatory is relevant.

Defendant's objection is well-founded.  Plaintiff's motion to compel an answer to interrogatory number 9 is denied.

**Requests for Production of Documents: February 25, 2013**

In request for the production of documents number 1, the plaintiff sought the production of all documents which referenced the disciplinary report issued to him on January 28, 2012. In addition, the plaintiff sought copies of the Camp C Tiger 1 and 2 logbook entries and cell rosters on January 28 and 29, 2012.

Defendant objected on grounds that the discovery request is unduly burdensome. Defendants further responded that copies of Administrative Remedy Procedure ("ARP") LSP-2012-440, ARP LSP-2012-325 and Disciplinary Board Appeal LSP-2012-85 were previously produced in conjunction with the defendants' Partial Motion for Summary Judgment. Defendant further objected to the production of copies of the Tiger 1 and 2 logbook entries and cell rosters on grounds that the information is not relevant because the incident took place on January 24 and 28, 2012, and the plaintiff was not transferred to Tiger Unit until January 29, 2012.

In his motion to compel, the plaintiff argued that the logbook entries will show the time and date he was placed in administrative segregation as a result of the defendant's retaliation.

The only claim remaining before the court is whether the defendant issued the plaintiff a false disciplinary report in retaliation for the plaintiff complaining to prison officials regarding the defendant's alleged wrongdoing. Plaintiff alleged in the complaint that he was issued the retaliatory disciplinary

report on January 29, 2012.  A copy of the disciplinary report[5] indicates that the alleged disciplinary violation took place on January 28, 2012 at 1:30 a.m. and the disciplinary report was issued on January 28, 2012 at 2:30 a.m.  There is a factual dispute as to the actual date the disciplinary report was written and issued.

Although the plaintiff's placement in administrative segregation following the issuance of the alleged retaliatory disciplinary report is not *per se* relevant, the date the alleged retaliatory disciplinary report was issued is.

Plaintiff's motion to compel a response to request for production of documents number 1 is granted in part.  Defendant shall produce copies of the Camp C Tiger 1 and 2 logbook entries on January 28 and 29, 2012 within 14 days from the date of this ruling.  In all other respects, the motion to compel the production of documents in request number 1 is denied.

In request for the production of documents number 5, the plaintiff sought the production of all documents which contain, mention, construe, or refer to policies on staff and prison regulations for Disciplinary Rules for Defiance.

Defendant objected on the ground that the request is unduly burdensome.  Defendant further argued that the plaintiff was provided a copy of the Disciplinary Rules and Procedures for Adult Offenders Manual, August 2008 edition on September 18, 2008.

---

[5] Record document number 5-1, p. 6.

In his motion to compel, the plaintiff argued that prior to this incident his property was lost, which presumably included his copy of the prison rule book.  Plaintiff argued that page 20 of the rule book will establish that a prisoner is permitted to tell an officer that he intends to file an administrative grievance.

A review of the record showed that in a subsequent motion to compel[6] discovery the plaintiff attached a copy of page 20 of the rule book to his motion.[7]

Plaintiff's motion to compel the production of documents number 5 is denied.

Accordingly, the plaintiff's motion to compel is granted in part and denied in part.  Defendants shall respond to the interrogatory number 4 propounded September 14, 2012, interrogatory number 7 propounded February 25, 2013, and requests for the production of documents number 1, propounded on February 25, 2013, in accordance with this court's ruling.  In all other respects, the motion to compel is denied.  Insofar as the plaintiff sought the payment of expenses, the motion is denied.

Baton Rouge, Louisiana, June 3, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Record document number 57.

[7] Record document number 57-1, pp. 19-20.