UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                                          CIVIL ACTION

DOROTHY PAGE, ET AL                                  NUMBER 12-287-JJB-SCR

**RULING ON MOTION TO SUPPRESS DEPOSITION TRANSCRIPT**

Before the court is the plaintiff's Motion to Suppress the Plaintiff's Original Deposition Transcripts.  Record document number 51.  The motion is not opposed.

Plaintiff sought to prevent the defendant from using his deposition in support of a motion for summary judgment or at trial on ground that he was asked personal questions which are unrelated to the litigation.  Specifically, the plaintiff complained that he was asked embarrassing questions regarding whether he has ever been married, whether he has any children and where they live, the nature and location of the crime for which he is incarcerated, whether he takes medication, the number of lawsuits he has filed and whether any of those lawsuits were dismissed as frivolous.

Plaintiff further argued that he has not been given an opportunity to review the deposition transcript and should not be required to pay for a copy of it.

There are no facts in the plaintiff's motion which support a finding that the deposition was taken in bad faith, or to harass or oppress the plaintiff.  The so-called personal questions are

routine background questions commonly asked in a deposition and are helpful in assessing the deponent's credibility.  Defendant was entitled to find out, before trial, what relevant evidence the plaintiff has to support his remaining claim against defendant Lt. Page.  A deposition is an appropriate means of doing so, and in this case taking a deposition is consistent with Rule 26(b)(2), Fed.R.Civ.P.

Assuming the plaintiff did not waive reading and signing the deposition, the fact that the plaintiff is proceeding in forma pauperis does not entitle him to free copy of the deposition for the purpose of reading and signing it

Accordingly, the plaintiff's Motion to Suppress the Plaintiff's Original Deposition Transcripts is denied.

Baton Rouge, Louisiana, June 3, 2013.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE